My name is Jennifer Davis and I represent Petitioner Sableen Sabnat. I'd like to reserve four minutes for rebuttal. The issue that is before the court today is whether the Guam offense, theft of property held in trust, is a crime involving moral turpitude, a CIMT, and there's two principal arguments. Whether the Guam statute is a fraud CIMT, and if it's not a fraud CIMT, the second argument is, is it an offense that punishes only the vile, base, and deprived conduct so as to constitute a CIMT. Before I begin my first argument, there are several matters in this case that are not disputed, and I think it's helpful to identify them. And the first is that the it's an indivisible offense. Second, because it's an indivisible offense, the categorical approach is the analysis that we're using, meaning we look only at the elements of the statute and not any of the underlying criminal records. Third, the elements of the offense are not in dispute. And lastly, the statute does not explicitly require an intent to defraud as one of its elements. So that brings me to my first argument, which is that the Guam offense is not a fraud CIMT, because an intent to defraud is not expressly required, and it's also not inherent in the commission of the offense. And in this circuit in Blanco, identified inherent, or defined inherent fraud as follows. An intent to defraud is implicit in the nature of an offense when a person makes a false statement in order to procure something of value. The Guam statute does not involve using a false statement in order to procure a property. And it also doesn't involve... Can I ask you a question on that, though? Can you give me an example of how you would violate this statute without making a misrepresentation or a false statement? Yes. You could violate the statute without making a misrepresentation because the property is initially acquired by consent or agreement in a business context between the parties, and only... The property is obtained by consent. Only later down the road, at some point in time, the property is dealt with... A person deals with the property as his own and doesn't dispose of it as required. But at that moment in time, when the property isn't disposed of as required, there is no false representation. But basically, you get the property by consent. You're supposed to deposit it at the bank or whatever, and instead, along the way, you decide to use it to buy an ice cream cone, something like that. Right. Or you just don't deposit it. You don't even have to use it. You just don't deposit it. And at that point in time, the board decision... But would that be a misrepresentation in effect because you represented that you would deposit it, and then you didn't deposit it? I mean, you're just saying that didn't exist... The misrepresentation, you didn't have an intent at the time. You had every intent when you took the property to go deposit the money, and then later on, you decide not to do that. And so therefore, misrepresentation is not inherent in the initial act. Is that your position? Right. And it's not. And Petitioner presented the court with three published decisions that came to that conclusion, and there's also a Guam statute, which is Section 43.35. And in that statute, it defines theft by deception. And the Guam legislature said in that statute that deception shall not be inferred from the fact alone that you didn't do what you promised to do. In other words, deception or intent to defraud can't be inferred simply from the fact that you didn't do or dispose of the property the way that you had promised to. We agreed with you and granted the petition. Would the agency have a chance on remand to say that this was a theft CIMT, or is that off the table at this point? That's off the table at this point. I know we can't affirm on that basis because it wasn't the ground the agency used, but is that like permanently off the table? Yes, I believe it is, because the board and its decision didn't address that argument, even though it was made to them in the briefing. And it was part of the IJ decision. And so because the board didn't address it, I think that even on remand, they don't get a second bite of the apple, so to speak. They had the opportunity to affirm the decision of the IJ on that ground, and they didn't. Well, but they didn't need to, the first go-around. I mean, because they affirmed the IJ on a different reason. So if we rejected the... Well, they affirmed the IJ on... I think that the board doesn't get to leave things off the table on the chance that, you know, if we prevail on appeal, they can come back and get a second or third or fourth bite at the apple in order to make the... in order to affirm the decision of the IJ. I think that would just be judicially inefficient for the board to just decide it on one issue, and then not decide it on any of the others, and then allow it to be remanded back for as many issues as there possibly could be. And so I believe that the board is precluded from addressing that issue because it was briefed at that level, and the board didn't affirm the IJ on that level. Now, with regard to the first argument, the petitioner did present the court with three published decisions, which was the Johnson case, the Rios case, and the Valancey case, all of which examined this scenario, which is when you obtain property by consent, when you obtain it in a business context such as employment, and then you later don't... you convert the property, you don't dispose of it in the way that's you're supposed to do with it, does fraud arise? And all of those three cases said, no, it doesn't, because you are missing the key components of fraud. You're missing the false statement which induces the person to part with their property. You may have deprived the property owner of his property, but you didn't deprive him by deception. I think that the holding in those cases, that the holding that dictates the answer in our case, the Guam offense also doesn't require that there be any false statement which induces the property owner to act. And without a false statement in order to procure the property, you don't have fraud. You also don't have fraud in this case, because... Can I ask you a question? I understand your position that this has to be based only on the elements, we can't look at the underlying facts, but do you... is it your misrepresentation in this specific case? It's my position that the statute didn't require there to be a misrepresentation in order for there to be a conviction in this particular case. So therefore it's never really been addressed? Right. Okay. Another reason that fraud is not inherent in the Guam offense is because the statute doesn't require there to be anything of value obtained. The board determined that a person having property to which he is not otherwise entitled is a benefit, and the board drew that conclusion without citation to any precedent. And I think that conclusion runs contrary to the decisions that have been issued in this circuit. For example, in Mars Gonzales, this court looked at whether having property to which you are not otherwise entitled, and in that case it was personal identifying property, whether or not that constituted a benefit. And the court concluded that it didn't. Having personal identifying information, and in that statute using it for an unlawful purpose, didn't necessarily mean that the person was obtaining a benefit. And I think that holding equally applied to the Guam statute, which punishes dealing with the property as your own, and not disposing of the property as required, but it doesn't require that you have a benefit. And the Johnson case is a good example of that. You don't need to win this argument if you win the fraud argument, right? I'm sorry? You don't need to win this argument, right? Right. It's the second prong of the fraud, because you have to have a false statement in order to procure something of value. It seems to me that your false statement argument is stronger than this one, because I don't really understand why someone would keep property that they weren't supposed to keep unless it was of benefit to them. Well, the Johnson case is a good example of that. And in that case, a bank employee, who's responsible for making the deposits for the bank, was pulling checks out of those deposits and keeping them. It turned out in that case that those checks were useless to her, that she couldn't use them anyways. And so she committed the theft of that property that she had in trust, but she didn't obtain any benefit from that theft. And that's an example of when you can do it and not obtain anything of value. So, because the Guam statute doesn't require that you make a false statement in order to obtain a property, and also because you don't necessarily have to acquire anything of value, fraud is not inherent in the event. My second argument is, because it's a non-fraud crime, it's also not one of these offenses that is so base, vile, and depraved so as to constitute a CIMT. And the board in its decision said, because the Guam statute involves breaking business relationships or business agreements, that undermines economic activity, and so it's definition is just far too broad. I think this court has repeated in Navarro-Lopez and Robles and many other cases, that violating social duties alone is not enough to make a crime a CIMT. There has to be something more. Otherwise, every offense would be a CIMT. And the framework that this court has applied to help it identify those non-fraud CIMTs was set out in Nunez, which is, does the offense involve an intent to harm, actual harm, or victimizing a specialized class of person? And when you apply that framework to the Guam statute, it becomes clear that the Guam statute will punish you for not disposing of property in a certain way, regardless of whether you intended to harm or actually cause harm, or victimize a particular, victimize a special class. And I think Linares-Gonzalez, the analysis there is similar to the one in, can be similarly applied to Guam, which is you can get a credit card through your, a business credit card through your company, and charge personal items on it, but pay it off every month. In that circumstance, that conduct is punishable under the Guam offense, but you don't intend to harm or cause any actual harm or victimize a specialized, a special class of victim. And for those reasons, I believe that the Guam statute is not a crime involving moral servitude, and I'd like to reserve. Reserve? Yes. Great. Thank you. Okay, great. All right, Ms. J? Yes, Your Honor. You may proceed, and I'm going to give you the three-minute warning, okay? Thank you, Your Honor. May it please the Court. My name is Zach Lince, and I represent the United States. Theft of property held in trust under 9 GCA 4360 is categorically a crime involving moral servitude, because the statute requires the defendant to make a false statement to another, and the defendant makes this misrepresentation to accrue something of value, use of property as her own, as she otherwise would not be entitled. The Board legal conclusions to no vote, subject to Skidmore deference. First, I will address how the Board reasonably determined that Ms. Sabnett's conviction for theft of property held in trust is categorically a CIMT because it involves fraud. First, the agency here did conduct the categorical analysis to determine whether the conviction was a CIMT. It looked at the Guam statute, identified the minimum conduct that had a realistic probability of being prosecuted under the statute. The agency noted that the statute is acknowledged to MCP 223.8, and it found that criminal liability under the statute is triggered with two elements, same elements that were actually in her plea agreement in this case as well. One, a person obtains property subject to an agreement or legal obligation made in the course of business, and two, that property is converted to her own use, and she failed to make property disposition as required by the agreement. And where is the false or misleading statement in that? Your Honor, the false and misleading, it is not inherent in the statute. I think we all agree that here. Not explicit. Yes, Your Honor. However, the Board found that it involved inherently fraudulent conduct, where the definition from this court requires there to be a false, making a known false representation to another, and that they gain something of value. And the statute here requires the party holding the property to intentionally decide at some point in time after making the agreement that they will no longer dispose of that property as agreed. And when they make that decision and don't say anything to the other party, that right there is a misrepresentation. Counsel, if I may, just ask you kind of a hypothetical under the statute. So we have these stores called GameStop that sell used video games. So if I'm an employee of GameStop, and there's a video game that has sat on the shelf for two years and no one's touched it, and I say, you know what, no one's playing this thing, I'm just going to bring it home, I'm going to play it over the weekend, and I'm going to come back and put it back in the box. No harm. But the employee policy says you can't do that. The policy of the store says employees should not be taking merchandise home for any reason. But I do. Under your view of the law, would I be violating the Guam statute by, in a sense, borrowing property from work, which I'm not supposed to do, and not paying for it to do that? Eventually, I do return it. Well, your honor, in this circumstance, in your hypothetical, your honor, you didn't have basically an agreement to make a payment or to dispose of that property at that time. Right. The store policy says I'm not supposed to bring stuff home. And normally, if I worked in a store, if I wanted something to bring it home, I'd have to pay for it in some fashion, either rent it or buy it. And I didn't do either of those things. I just brought it home. And I think bringing it home, your honor, would not be converting that property to your own use. As well could be it. Well, why not? If it's in my house, who else would be using it other than me? If I bring it home and, you know, if I work at a car dealership and I take a car home for the weekend, I'm not supposed to toy and drive around and say I'm converting that, at least temporarily, to my use. It seems to me that what you have to distinguish is how is this statute different from any breach of conduct or breach of contract type case. Ms. Davis is saying this is basically a breach of contract statute. And if she's right about that, you lose. Yes, your honor. Explain to us how this is not a breach of contract situation when the statute itself has no language of intent to defraud. Well, your honor, I mean, just looking in the statute of frauds, CIMTs by this court, it meets the elements for that. And then if you were to look into, I think, whether this is referential conduct, which is another way, I guess, your honor, to find it a CIMT under the generic definition, I think you could go to the guidance of the monophenal code, which kind of addressed this issue how they wanted to distinguish from default that should be assimilated to assess for nonperformance. And this is not more than mere breach of conduct. Their intent behind this was to punish more than mere breach of conduct. Additionally, I think, your honor, the case that this court has is Tawani v. Lynch, the credit card fraud case. And in that case, they specifically rejected the argument that a fraudster, by, you know, being able to pay, they rejected the argument that the intent to pay back would be a defense or somehow negate the evil intent of the fraudster. And I think that's similar here, your honor. Could I bring you back to where the fraud is, though? Where's the misstatement or lie or misleading statement, any sort of false statement here? It sounds like you're saying it retroactively becomes a false statement when you later change your mind. I think it's, your honor, I think it's similar to an embezzlement offense. Yes, theft, larceny offenses, at the time you're taking it, the initial act is a misrepresentation. However, in this scenario, you get the property at a time under consent, and then later you change your mind, and you're entrusted with that property and decide to keep it for your own use. And so where is the, when is the false statement? The false statement, your honor, is the omission. That is the statement. The statement, the omission that you are no longer going to dispose of that property as required by the agreement. Because mere commingling of funds here is not prosecuted. But you not only have to convert to your own use, but you have to fail to make that property disposition as required by the agreement. Again, we have two parties here who voluntarily entered into a business relationship or a fiduciary duty, and there's harm here. I mean, there could be harm as, you know, in this case specifically, you know, there's a harm, legal, a property loss. So there could be a property loss, but not only is there a property loss, but there is a loss of trust between the parties because of this. I have no doubt that if we were allowed to look at the facts of this case, I think Ms. Davis's client would be in some trouble here. She still may be in trouble, but the facts are not good for Mrs. Davis's client. But we're not allowed to look at the facts under the current Supreme Court doctrine. Yes, sir, I agree. And so we probably should not talk so much about what she actually did. We really need to focus on this statute. Are there any cases interpreting this statute per se? I couldn't find any. I mean, I know there are ones interpreting similar ones, but anything on this statute? No, Your Honor. No, Your Honor. I think one case came up that was nothing. I mean, it just—the statute itself came up. I think it was like a punishment or something. Nothing related to this at all. I think, obviously, on the actual statute itself, it referenced some other statutes, and I think I cited a case from a Pennsylvania statute that was pretty similar. That was an ag felony realm, not the IMT realm. Sure. Do we have any cases that support your omission theory of a misstatement that if someone says something that at the time they say it, they think it's true and later they think that the omission later makes the whole thing fraud? I don't have—again, there's no Guam cases on this, and there was—I mean, I did not find that proposition. But I do think Black's Law, which I may have cited in my brief, but the general definition of a statement under Black's Law, I believe, Your Honor, includes a statement of an omission. Omission can be in a statement. But usually it's at the time. So that would mean that at the time you knew you were making a property and omitted that. But the premise here is that you didn't think that at the time. But, Your Honor, there's no liability under the statute until that point where that property has not been disposed of. Right. So maybe it's a theft offense, or maybe it's a contract breach, but I just don't understand how it's a fraud. I'm not saying it's an offense. It's definitely an offense. It's definitely not a good activity. Well, Your Honor, I think it meets the basic definition from this court to be inferiorly fraudulent. I think counsel relies on Linder's and Gonzales' as the case that supports that. And, Your Honors, that case is distinguishable from this one. In that particular case, the court stated that the statute did not acquire the intent to defraud because there was no tangible benefit. And in the statute itself, it actually said could be used for any unlawful purpose, where in this circumstance it's distinguishable because the defendant, by the plain of the statute, the defendant himself must convert the property to his own use. He's not using the property for any unlawful purpose, but he's converting it to his own use. Additionally, another distinguishing from that case, it says there was also case law in that case as well, indicating that the statute was not applied as having an intent to defraud, where in this case we don't have any case law to say that. Counsel, if I could follow up on Judge Friedland's question. Typically, in a fraud case, mere omission is not equal fraud unless there is a duty to disclose the fact that has been omitted. Now, that duty – for example, a lawyer has a duty to his client to tell them the truth about a case, and facts can change. So, for example, if there was no duty at the beginning of the case, presumably a duty could arise later if the facts change. But I don't see anything like that in this statute that would suggest that. So – and again, there's no case law interpreting this. Can you point us to anything that would say that even if at the time the deal was consummated there was no duty to disclose, if facts change along the way, maybe a duty would arise later because of the relationship between the parties? Anything like that you can point us to? Well, Your Honor, I mean the actual – the statute itself requires subject to an unknown legal obligation or in the course of business. And I think both of those together imply that the statute – that there is a fiduciary relationship here between the parties. You're at the three-minute mark. Yes, Your Honor. Your Honor, and again, I think Petitioner also argues in this case that – at least in their brief – that detrimental reliance is a separate requirement from this brief benefit requirement, from this court's tangible benefit. But I think, Your Honors, if you look at Blanco and Lindez-Gonzalez and even the most recent case, Cardenas' case, none of these decisions specifically say that detrimental reliance is needed to be proven in addition to a tangible benefit. Your Honors, if you have any other questions? I'm looking at my colleagues. I don't see any. Okay. Thank you very much, Ms. Shea, for your argument. We appreciate it. Yes, Your Honors. Ms. Davis, you have two and change. We can't hear you, Ms. Davis. That's all right. Don't worry about it. Very briefly, Your Honor. Thank you. There you go. I'm back. With regard to the last point the counsel made, which is there's no additional requirement of detrimental reliance, the requirement is that a false statement be made to the property owner upon which the property owner relies in parting or releasing his property. And because the property is initially obtained by consent and only later, at the later point in time, when they do something else with the property, does the theft occur, does the bad act occur, that disconnect does make a difference here. And that's what was argued in the Johnson case. In the Johnson case, the case was argued that every time that you didn't do what you were supposed to do with the property, and in that case, it was using the company credit card to gas your own car, every time you did that, you made a misrepresentation. And the court expressly rejected that rationale, saying there is no false representation. There's no false statement at the time you used the card. You're not concealing anything from your employer. The employer is not relying on anything that you have said and done. And because you don't have that key component of fraud, the offense can't be a fraud, CIMT. With regard to the Tahani case, that case is not like the case here, because in Tahani, the court expressly found that an intent to defraud was an element of the offense. And that's not what we have with the Blanc statute. I think that the model penal code comments speak to this court's concern, which is why is this not just a breach of contract? And at opposing counsel's brief on page 18, they quote the MPC comments, which said, the problem arises because the behavior arguably constitutes merely a breach of contract. And that's going to be the challenge with this statute, which is distinguishing default that should be assimilated to theft from nonperformance from that which is traditionally left to the remedies for breach of contract. And so I think the court's right. There is no false misrepresentation, and therefore this is more like the breach of contract. And lastly, Your Honor, Judge Nielsen, I took a quick look at the IJ decision. And the reason that we cannot remand this case back for a finding of theft is because the immigration judge in her decision, another reason is the immigration judge in her decision didn't determine that the Blanc statute was a theft CIMT. It was argued, but she didn't base her decision on that. If there's no further questions from the panel, the petitioner would ask that the court grant her petition for review and vacate the removal order and terminate her removal proceedings. Thank you. All right. Thank you, Ms. Shea. Thank you, Ms. Davis, for your argument in this case. The last matter on calendar today is United States v. Berkman.
judges: Owens, Friedland, Nelson